|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL T. MORALES,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:18-cv-03051 TLN AC (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). On December 3, 2018, defendant filed a motion to dismiss. ECF No. 7. Plaintiff opposed the motion (ECF No. 9) and defendant replied (ECF No.10). A hearing was held on February 6, 2019. ECF No. 11. Joseph Frueh appeared on behalf of defendant, but plaintiff did not appear. For the reasons explained below, the undersigned recommends that defendant's motion (ECF No. 7) be GRANTED and that this case be DISMISSED.

## I. BACKGROUND

Plaintiff Michael T. Morales filed a complaint in California state court seeking damages for alleged medical malpractice occurring at a clinic operated by Northern Valley Indian Health (NVIH), a non-profit tribal organization that provides medical and dental services, on September 7, 2018. ECF No. 1-1 at 6. Plaintiff sued NVIH and Dr. Alicia Rosa Martinez regarding care he

1

received on March 11, 2016 in Woodland, California. Id. at 3-7. Plaintiff alleges that this care rendered him disabled, and he seeks $1,000,000 in damages. Id.

On November 26, 2018, the United States removed plaintiff's lawsuit to this court pursuant to 42 U.S.C. § 233(c). ECF No. 1. The statute provides as follows:

> Upon a certification by the Attorney General that the defendant was acting in the scope of IHS employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto.

42 U.S.C. § 233(c).

Defendant attached the required certification, stating that defendants NVIH and Dr. Martinez were deemed employees of the Public Health Service at the time the alleged incidents took place. ECF No. 1-2 at 2. Defendant noted that this court has original jurisdiction over civil actions for money damages for injury allegedly caused by the negligent or wrongful act or omission of a federal employee occurring in the course and scope of employment. Id. at 2; 28 U.S.C. § 1346(b); 42 U.S.C. § 233(a). Shortly thereafter, the United States was substituted as defendant in place of NVIH and Dr. Martinez. ECF No. 4.

## II. MOTIONS TO DISMISS

Defendant seeks to dismiss plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1), on grounds that this court lacks subject matter jurisdiction because plaintiff did not comply with the Federal Tort Claims Act. ECF No. 7-1 at 2-3.

## III. ANALYSIS

A. Dismissal Standard Under Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373

F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

B. Federal Tort Claims Act and Jurisdiction

The doctrine of sovereign immunity shields the United States from suit unless the government has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Such consent is called a "waiver" of sovereign immunity. There can be no right to money damages from the United States without a waiver of sovereign immunity. United States v. Testan, 424 U.S. 392, 400 (1983). Waiver is a prerequisite for jurisdiction, which means the court's authority to consider a case. United States v. Mitchell, 463 U.S. 206 (1983). Unless there has been a waiver of sovereign immunity, an action for damages against the United States must be dismissed. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). The party bringing claims against the United States has the burden of showing a waiver of immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

The Federal Tort Claims Act (FTCA) gives the federal district courts "exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" Millbrook v. United States, 133 S. Ct. 1441, 1442 (2013) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA operates as a waiver of the United States' sovereign immunity for certain claims for damages. Id. at 1444. The FTCA provides as follows:

////

////

////

3

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). Under this provision, a plaintiff may not pursue a claim for damages in court unless and until he has first presented it to the appropriate federal agency, and that agency has either affirmatively denied the claim or failed to act upon it within six months. This mandatory process is called "exhaustion."

The absence of exhaustion results in a jurisdictional defect. <u>Vacek v. U.S. Postal Service</u>, 447 F.3d 1248, 1250 (9th Cir. 1998). If a claim otherwise authorized by the FTCA is not administratively exhausted, it must be dismissed because the court has no authority to consider it. <u>Id.</u> In order to satisfy the exhaustion requirement:

> [T]he prerequisite administrative claim need not be extensive. The person injured, or his or her personal representative, need only file a brief notice or statement with the relevant federal agency containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded. See <u>Warren v. United States Dep't. of Interior Bureau of Land Mgmt.</u>, 724 F.2d 776, 779 (9th Cir. 1984); <u>Avery v. United States</u>, 680 F.2d 608, 610 (9th Cir. 1982) ("[A] skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome an argument that jurisdiction is lacking."). Furthermore, the notice requirement under section 2675 is minimal, and a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court.

<u>Goodman v. United States</u>, 298 F.3d 1048, 1954-1055 (9th Cir. 2002).

### C. The Federal Tort Claims Act Applies to This Case

Plaintiff has no doubt been surprised that his lawsuit against a private, non-profit clinic and its doctor was removed to federal court, that the United States has been substituted as the sole defendant, and that he faces dismissal of the case for not having exhausted an administrative claim against the federal government. Such surprise is understandable, because the Northern

Valley Indian Health clinic (NVIH) is not operated by the Indian Health Service (IHS).  IHS is a component of the Public Health Service, which is part of the U.S. Department of Health and Human Services, and so IHS clinics are quite clearly federal clinics and their employees are federal employees.  NVIH, on the other hand, is an independent, private, non-profit clinic.

The FTCA, by its terms, applies to employees of federal agencies but not to independent government contractors.  28 U.S.C. § 2671.  That statutory distinction has been construed as a clear dividing line between those federal entities and employees who can be sued under the FTCA and those with only a contractual relationship to the federal government, who may not be sued under the FTCA.  A private organization's receipt of federal funding does not transform it into a federal entity for purposes of the FTCA.  United States v. Orleans, 425 U.S. 807, 816 (1976).  Rather, FTCA liability generally arises only where the federal government both funds and supervises daily operations.  See id.

These general principles are not applicable here, however, because Congress has created a specific system for providing services to Indians that expressly creates FTCA liability for *both* government-run *and* private, tribally-operated programs.  The Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. 5301 et seq.,[1] provides that tribal organizations may enter into "self-determination contracts" with the Department of the Interior ("DOI") and HHS to administer various programs or services that would otherwise have been administered by the federal government.  As it applies to health care services, a tribe may choose between requesting an IHS-run clinic or operating its own clinic pursuant to a self-determination contract.  The ISDEEA specifically provides that for the purposes of personal injury claims "resulting from the performance . . . of medical, surgical, dental, or related functions," tribal organizations carrying out self-determination contracts are "deemed to be part of [HHS's] Public Health Service."  Id. § 5321(d).  Once employees of a tribal clinic or other self-determination program are deemed to be federal employees, tort liability lies exclusively through the FTCA.  See, generally, Shirk v. United States, 773 F.3d 999, 1001-1004 (9th Cir. 2014) (addressing scope of

---

[1] Formerly 25 U.S.C. 450 et seq.

FTCA liability for tribal police officers pursuant to ISDEEA compact).[2]

This statutory regime makes the federal government liable for the acts and omissions of tribal clinics and their employees, which constitutes a significant benefit to the tribes. However, it also imposes FTCA prerequisites to suit on potential plaintiffs, whether or not they have any reason to know that the United States and not the tribal organization is the liable party. As previously noted, the claim presentation requirement is jurisdictional. Courts "are not allowed to proceed in the absence of [administrative exhaustion] merely because dismissal would visit a harsh result upon the plaintiff." Vacek, 447 F.3d at 1250.

Because NVIH operates pursuant to a self-determination compact under the ISDEAA, see ECF No. 7-3 (Compact Between Northern Valley Indian Health, Inc. and the United States of America Pursuant to Title V of the Indian Self-Determination and Education Assistance Act), the FTCA provides the only basis for liability. Accordingly, the FTCA's claim presentation requirement applies even though the lawsuit was originally filed under state law in a state court, and was subsequently removed by the United States. See Gonzales v. United States Postal Service, 543 F. Supp. 838 (N.D. Cal. 1982).

### D. Plaintiff Has Not Administratively Exhausted His Claim

The United States has presented evidence that plaintiff never submitted a claim to the Department of Health and Human Services or its subsidiary agencies regarding the treatment he received from Dr. Martinez at NVIH. ECF No. 7-2 (Declaration of Meredith Torres). Plaintiff does not dispute his failure to submit a claim. ECF No. 9.

Plaintiff's opposition to the motion to dismiss states in full:

> The motion to dismiss states (NVIH) is funded by IHS but in my previous investigation and my conversations with Mr. Steve Riggo of IHS, IHS has no jurisdiction over NVIH.
>
> Mr. Steve Riggo of IHS Patients Rights stated to me that IHS has no jurisdiction over NVIH and I would have to get a hold of HHS that also has no jurisdiction over NIVH.

---

[2] In Shirk, the issue was whether the officers were acting outside the scope of their employment, such that the United States would not be liable. It was undisputed that the FTCA governed the claim, because the officers were "deemed" BIA employees under the ISDEEA.

ECF No. 9 at 2.

Plaintiff does not explain what assistance he was requesting from Mr. Riggo. Regardless of the details of that conversation, however, plaintiff's statement in opposition does not address the issue before the court. Applicability of the FTCA and its administrative exhaustion requirement follows from the existence of an ISDEEA compact and not from federal funding per se. Moreover, it is quite correct that neither IHS nor HHS "has jurisdiction over NVIH" in the sense of operating or controlling the clinic. NVIH is an independent non-profit organization. Accordingly, the federal agencies would not have had authority to intervene with NVIH on plaintiff's behalf. That is an entirely different matter from the claim presentation requirement, however.

Because plaintiff has not complied with the requirements of the FTCA, this court lacks jurisdiction over plaintiff's claims. Accordingly, defendant's motion to dismiss must be GRANTED.

## IV. CONCLUSION

For the reasons explained above, it is HEREBY RECOMMENDED that defendant's motion to dismiss this case for lack of jurisdiction (ECF No. 7) be GRANTED and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 8, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE